**Balwinder SINGH, Petitioner,**

**v.**

**Peter D. KEISLER, Acting U.S.**

determination. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004).

Attorney General,[1]
Respondent.

No. 05–6455–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2007.

Balwinder Singh, Pro Se, Bellerose, NY, for Petitioner.

Troy A. Eid, United States Attorney, District of Colorado, Timothy B. Jafek, Assistant United States Attorney, Denver, CO, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Balwinder Singh, a native and citizen of India, seeks review of a November 28, 2005, order of the BIA denying his motion to reopen his removal proceedings. *In re Balwinder Singh,* No. A79 299 267 (B.I.A. Nov. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a threshold matter, we are precluded from considering the merits of Singh's underlying removal proceedings, and our review is confined only to the BIA's denial of his motion to reopen. *See Kaur v. B.I.A.,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). However, because Singh appears *pro se* before the Court, we construe his brief broadly to raise the strongest arguments that it suggests. *See Weixel v. Board of Educ.,* 287 F.3d 138, 145–46 (2d Cir.2002). We therefore find Singh's assertions that he "can not go back to India as the Congress Party is in power" and that the Congress Party was the party responsible for the persecution of Akali Dal Mann party members and the deaths of "thousands of innocent Sikhs" sufficient to preserve his challenge to the BIA's denial of his motion to reopen.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

Governing regulations require that a motion to reopen be supported by affidavits or other evidence. *See* 8 C.F.R. § 1003.2(c)(1). Further, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). It is undisputed that Singh's motion was untimely. However, section 1003.2(c)(3)(ii) affords an exception to the filing deadline for those seeking to reopen their cases based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."

We conclude that the BIA did not abuse its discretion in holding that this exception did not apply to Singh's motion. Singh asserted that country conditions in India had changed because the Congress Party had returned to power, that the Congress Party had persecuted Sikhs, and that if returned, he would be "arrested and tortured." Despite these assertions, the BIA properly found that Singh failed to establish " 'changed circumstances' in India that affect his eligibility for asylum." Indeed, Singh did not support his motion with any evidence of changed conditions in India. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Kaur,* 413 F.3d at 234. Accordingly, Singh failed to demonstrate how the Congress Party's return to power would adversely

affect him if he returned to India. *See Kaur,* 413 F.3d at 234. In light of that failure, the BIA did not abuse its discretion in denying his motion to reopen.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.